Filed 2/19/26  Wu v. Weng CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAVID WU, | B339158 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. 22STCV02650 |
| EUGENA WENG, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rolf M. Treu and Mel Red Recana, Judges. Reversed and remanded.

Aiman-Smith & Marcy, Reed W.L. Marcy, Brent A. Robinson; Clarkson Law Firm, Brent A. Robinson; Law Office of Kelly Y. Chen and Kelly Y. Chen for Plaintiff and Appellant.

Law Offices of Bruce Altschuld and Bruce Altschuld for Defendant and Respondent.

David Wu appeals from a summary judgment entered in favor of defendant Eugena Weng. Wu sued his former employer Chef on Fire LLC (COF) and Weng—a member of COF and the person who hired Wu to work at COF's restaurant—after his alleged termination. Wu's first amended complaint (FAC) alleged causes of action against COF for violations of the Fair Employment and Housing Act (FEHA), wrongful termination, and retaliation; and against COF and Weng (collectively, defendants) for Labor Code violations.[1]

Defendants moved for summary judgment, or, alternatively, summary adjudication. The trial court granted their motion in full as to Weng, finding the FAC alleged no causes of action against her. The court granted summary adjudication on Wu's wage and hour claims (failure to pay wages for all hours worked, to provide meal and rest breaks, and to provide accurate wage statements)—alleged against "all Defendants"—on the ground Wu was an exempt employee. The court denied the motion on Wu's claims for waiting time penalties and for failure to permit him to inspect his personnel file—also alleged against "all Defendants"—and on almost all the other causes of action alleged against only COF. Wu appealed from the order to the extent it granted summary judgment in favor of Weng. By an order from this court, Wu obtained entry of judgment in favor of Weng on all claims Wu had asserted against her. We reverse the judgment in favor of Weng.

---

[1] Statutory references are to the Labor Code unless otherwise noted.

2

## BACKGROUND

"On appeal from a grant of summary judgment, we review and recite the evidence in the light most favorable to the nonmoving party": here, Wu. (*Clayworth v. Pfizer, Inc.* (2010) 49 Cal.4th 758, 764.)

Weng became a member and five percent owner of COF around 2018 when COF purchased a restaurant. The other members of COF were not involved in the restaurant; Weng ran it. In the summer of 2019, Weng hired Wu—a friend of her brother Jackson Weng—to work as a manager at the restaurant.

In January 2022, Wu sued COF, Weng, and Doe defendants after his employment allegedly was terminated in June 2021. He filed the operative FAC in March 2022. Under "Parties" the FAC alleged:

> "Defendant Eugena Weng . . . and Does 1-10 each . . . worked as a managing agent and/or owner of Defendant [COF] and/or Employer Defendants[2] . . . . In that capacity, Defendant Weng and Does 1-10 (collectively referred to as 'Individual Defendants') each enforced and contributed to defendants' policies and practices that resulted in Plaintiff . . . not being paid wages for all hours worked (including overtime wages), not being provided with rest-break compensation for missed or late breaks, and not being given pay statements reflecting accurate hours actually worked."

---

[2]     The FAC alleged Does 11-25 each was a business entity and referred collectively to those Does and COF as the " 'Employer Defendants.' "

3

The FAC alleged several causes of action for Labor Code violations against "all Defendants."  Under those causes of action, "Defendants" allegedly:  (1) failed to pay Wu for all hours worked in violation of various labor laws (11th cause of action); (2) "employed Plaintiff for work periods of more than three and one-half hours," but "consistently failed to relieve Plaintiff of his duties when he was lawfully entitled to a rest period" and failed to pay him for the missed rest periods (12th cause of action); (3) "failed to provide Plaintiff with accurate wage statements, in that Defendants never provided Plaintiff . . . with statements accurately setting forth all hours *actually* worked and all wages earned during each pay period" (13th cause of action); (4) "owed Plaintiff unpaid wages" and "also have not paid Plaintiff any wages at all for the hours that he worked between June 8, 2021 through the date of his termination" [June 20, 2021], and "knew" he "was not fully paid" (14th cause of action); and (4) "ignored" Wu's requests through his attorney to see his  personnel file (15th cause of action). The FAC also alleged FEHA and related causes of action against the "Employer Defendants."[3]

COF and Weng filed a joint answer generally denying the FAC's allegations and asserting several affirmative defenses. Defendants' twelfth through fourteenth affirmative defenses alleged Wu "was an exempt employee," "was a managerial employee and therefore not entitled to the relief he requests," and "was a salaried employee and thus not entitled to the rights he asserts," respectively.

---

[3]     The matter was assigned to Department 45, the Honorable Mel Red Recana presiding.

On November 7, 2023, Weng and COF filed a notice of motion for summary judgment or, alternatively, for summary adjudication, along with a memorandum of points and authorities; declarations of Weng, Jackson Weng (also a former manager at COF's restaurant), Leo Sanchez (a former employee at COF's restaurant), and defendants' counsel; and a request for judicial notice.  Defendants filed a separate statement of undisputed material facts in support of their motion that same day but then filed a second separate statement on March 11, 2024.

Wu filed an opposition to defendants' motion together with an opposition and response to defendants' separate statement; objections to defendants' evidence, including an objection to defendants' separate statement in its entirety as noncompliant with rule 3.150 of the California Rules of Court;[4] objections to defendants' request for judicial notice; a separate statement of undisputed material facts in support of his opposition; his counsel's declaration with a compendium of exhibits—including, among other exhibits, Wu's own declaration, COF's discovery responses, and excerpts from Weng's deposition; and a request for judicial notice, including of California's minimum wage rates from 2019 through 2021.

On April 11, 2024, defendants filed a reply brief in response to Wu's opposition that also asked the court to strike Wu's opposition, asserting it was over the page limit due to single-spaced footnotes and objecting that Wu had submitted the declaration of a witness not identified in his discovery responses. Defendants attached to their reply brief:  the first page of a

---

[4]     Rule references are to the California Rules of Court.

purported motion in limine to exclude witnesses not identified in discovery; a "ServSafe® Certification" indicating Wu had passed the "ServSafe® Food Protection Manager Certification Examination" on March 31, 2021; a page from a document Wu apparently submitted to the Employment Development Department; a page from Wu's deposition transcript; a second declaration from Weng; and a translated declaration from Lisa Seo, a former server at COF's restaurant. The next day, Wu filed objections to defendants' reply evidence, arguing defendants improperly were attempting to introduce new evidence in support of their motion. Wu asked the court to strike the reply evidence in its entirety.

On April 18, 2024, defendants filed written objections to Wu's evidence a week after they filed their reply brief. They stated they would have a court reporter at the hearing under rule 3.1352, and would make the stated objections.

The court heard defendants' motion on April 25, 2024.[5] The court issued a tentative ruling that granted the motion in part and denied it in part. The court denied defendants' request for judicial notice of decisions from the California Unemployment Insurance Appeals Board on Wu's case, Wu's Employment Development Department Appeal Form, and Wu's Worker's Compensation application form—noting the evidence was inadmissible under Unemployment Insurance Code sections 1094 and 1960. The court granted their request as to Wu's complaint to the Department of Fair Employment and Housing, its right to sue letter, and the FAC, and granted Wu's request

---

[5] The Honorable Rolf M. Treu heard and decided defendants' motion.

6

for judicial notice in its entirety. The court also sustained Wu's evidentiary objections to defendants' separate statement and new reply evidence. The court (1) struck defendants' separate statement, finding it failed to conform to rule 3.150(d)(1), (d)(2), (d)(3), and (h); and (2) ruled it would "disregard all new arguments and any evidence COF puts forth upon reply." The court also did not consider defendants' written objections, as they were filed late under rule 3.1354 without the court's permission and any showing of good cause for the late filing.

After argument, the court took the matter under submission and, later that same day, adopted the tentative ruling as its final order. As relevant here, the court granted defendants' motion "in its entirety" as to Weng after finding the FAC alleged no causes of action against her; granted the motion as to Wu's wage and hour claims—the eleventh, twelfth, and thirteenth causes of action—on the ground Wu held a salaried, managerial position and thus was exempt from overtime and meal break regulations; and denied the motion as to Wu's fourteenth and fifteenth causes of action.

Wu filed a notice of appeal from the court's order granting summary judgment in favor of Weng—a nonappealable order. This court notified Wu that he must provide the court with an appealable judgment. Wu obtained a final judgment in favor of Weng, entered on August 9, 2024, signed by Judge Recana.

Weng moved to dismiss Wu's appeal, arguing this court lacked jurisdiction under section 635 of the Code of Civil Procedure because neither the judge who heard and ruled— by minute order—on defendants' summary judgment motion, nor the presiding judge, had signed the August 9, 2024 judgment.

Weng asked us to take judicial notice of the April 25, 2024 minute order "signed" by Judge Treu, the August 9, 2024 judgment signed by Judge Recana, and the fact that Judge Samantha Jessner was the presiding judge at the time. We granted Weng's request.

Wu opposed the motion, noting Code of Civil Procedure section 635 applies "only to the rendition of judgment after a bench trial where a question of fact was 'heard or tried.' " (Quoting Code Civ. Proc., § 635 and citing *Armstrong v. Picquelle* (1984) 157 Cal.App.3d 122, 127.) Because summary judgment is neither a bench trial, nor a proceeding where questions of fact are heard and tried, section 635 did not apply. Wu also argued Judge Recana's entry of the final judgment on Judge Treu's order granting summary judgment in favor of Weng was a ministerial act. We denied Weng's motion to dismiss the appeal.

## DISCUSSION

1. ***Standard of review on summary judgment***

Summary judgment is appropriate if there are no triable issues of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) A defendant moving for summary judgment must show the plaintiff cannot establish one or more elements of the cause of action or cannot refute an affirmative defense. (*Id*., § 437c, subds. (*o*), (p)(2).) If the defendant satisfies this initial burden, the burden shifts to the plaintiff to present evidence demonstrating there is a triable issue of material fact as to the cause of action or defense. (*Id*., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850–851 (*Aguilar*).) "There is a genuine issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to

find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar*, at p. 845.) "The pleadings determine the issues to be addressed by a summary judgment motion." (*Arce v. The Ensign Group, Inc.* (2023) 96 Cal.App.5th 622, 628 (*Arce*).)

"On appeal from a summary judgment, we review the record de novo and independently determine whether triable issues of material fact exist. [Citations.] We resolve any evidentiary doubts or ambiguities in favor of the party opposing summary judgment"—here, Wu. (*Arce, supra*, 96 Cal.App.5th at pp. 628–629; see also *Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618 (*Regents*) ["Evidence presented in opposition to summary judgment is liberally construed, with any doubts about the evidence resolved in favor of the party opposing the motion."]; *Arteaga v. Brink's, Inc.* (2008) 163 Cal.App.4th 327, 342 [moving party's affidavits are strictly construed while those of the opposing party are liberally construed].) We perform the same three-step analysis as the trial court: we "(1) identify the issues framed by the pleadings, (2) determine whether the moving party has established facts justifying judgment in its favor, and (3) determine whether the nonmoving party has demonstrated a triable issue of material fact." (*Jones v. Awad* (2019) 39 Cal.App.5th 1200, 1206–1207.) In conducting this de novo review, we consider "all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports." (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.) We accept as undisputed facts only those parts of the moving party's evidence that are not contradicted by the evidence of the

opposing party. (*Arteaga*, at p. 342.) " 'We need not defer to the trial court and are not bound by the reasons in its summary judgment ruling; we review the ruling of the trial court, not its rationale.' " (*Arce,* at p. 629.)

## 2.    *The FAC alleged causes of action against Weng individually*

Defendants moved for summary judgment specifically as to Weng on the ground the FAC did not allege *a FEHA claim* against her. In their supporting memorandum, defendants argued Weng must be dismissed because Wu "never filed a FEHA claim form against . . . Weng" and "did not obtain a right to sue letter against" her. Defendants argued Wu, as a result, failed to exhaust his administrative remedies and "no action as to FEHA's statutory claims" could "stand against . . . Weng."

In opposing this contention, Wu argued he "never raised Weng's individual liability on any of the FEHA claims . . ., and [as] this issue was not raised in the answer to the operative complaint, the Court may not grant summary judgment on this point." In other words, because Wu never purported to allege Weng was individually liable on the FEHA claims alleged against COF and the entity Does, the court could not grant summary judgment or adjudication against Wu in favor of Weng on that point.

Although defendants argued only that the FAC alleged no FEHA claims against Weng individually, the court found it alleged *no cause of action* identifying Weng "as the subject individual" at all. The court seems to have misapprehended Wu's opposition, stating, "Plaintiff opposes arguing that because no issue was raised on the pleadings regarding Weng, that the Court may not grant summary judgment. However, Plaintiff provides

10

no authority for this assertion.  The standard upon summary judgment is clear, the defendant must carry their burden to show no issue of a triable material fact, plaintiff must then show that a triable issue exists."  The court found "COF has carried their burden as to Weng, Plaintiff failed to demonstrate theirs. Therefore, the Motion is granted as to Weng, and this order shall only address Defendant COF."

Wu's opposition did not cite authority for the proposition that an issue not raised in the pleadings cannot form the basis for summary judgment.  However, it is well established that "the pleadings determine the scope of relevant issues on a summary judgment motion." (*Nieto v. Blue Shield of California Life & Health Ins. Co.* (2010) 181 Cal.App.4th 60, 74.)  Indeed, when considering a motion for summary judgment, the court first must "identify the issues raised by the pleadings, since it is these allegations to which the motion must respond." (*Los Angeles Unified School Dist. v. Torres Construction Corp.* (2020) 57 Cal.App.5th 480, 492.)  "Summary judgment cannot be granted on a ground not raised by the pleadings." (*Bostrom v. County of San Bernardino* (1995) 35 Cal.App.4th 1654, 1663.) Here, not only did defendants assert a ground for summary judgment not raised in the FAC, but the court granted summary judgment in Weng's favor on a ground defendants did not assert in their moving papers—that there was "no single cause of action alleged at or identifying Eugena Weng as the subject individual."

The FAC identified Weng as a party and referred to her and the individual Doe defendants collectively as the "Individual Defendants."  The FAC defined "Employer Defendants" as COF and the entity Doe defendants.  "All Defendants" thus reasonably referred to COF and Weng, individually, along with all Doe

11

defendants. The FAC alleged FEHA and related causes of action —the first through tenth causes of action—against only the "Employer Defendants." Weng was not included in the FAC's definition of Employer Defendants. Wu, as he stated in his opposition, did not assert those causes of action against Weng. Summary judgment or adjudication in favor of Weng on the ground defendants raised—that Wu could not pursue his FEHA claims against Weng for failure to exhaust his administrative remedies as to her—therefore was improper. (*California-American Water Co. v. Marina Coast Water Dist.* (2022) 86 Cal.App.5th 1272, 1293 [summary adjudication in error where moving party "addressed allegations not pleaded in the complaint and thus failed to negate the express allegations pleaded in the complaint"].)

The court also erred in finding the FAC alleged no causes of action against Weng individually. In contrast to the FEHA claims, the FAC alleged Labor Code violations—the eleventh through fifteenth causes of action—against "all Defendants." Weng's name is not listed within each of those causes of action, but the FAC clearly intended to include her when it referred to "all Defendants." Weng is a named defendant in the caption of the FAC and, as discussed, is described as an individual defendant under the "Parties" section of the FAC.

Moreover, within each of those causes of action the FAC alleged the "Individual Defendants"—again, including Weng by definition—"were the highest-ranking management employees of Employer Defendants," were " 'other person[s] acting on behalf of an employer' and managing agents of Employer Defendants,[6]

---

6      The thirteenth cause of action alleged the Individual Defendants were managing agents of COF.

12

who exercised substantial independent authority and judgment, which ultimately resulted in the enforcement of the wrongful corporate policies, which caused Plaintiff . . . to be denied wages for all hours worked, to be denied meal and/or rest period pay for late or missed breaks, and to receive incomplete or inaccurate pay statements.  Accordingly . . ., pursuant to Labor Code § 558.1, Individual Defendants are liable to the same degree as Employer Defendants for the violations alleged in" the eleventh through fifteenth causes of action.

The FAC also generally alleged Weng worked "as a managing agent and/or owner" of COF and "enforced and contributed to" COF's "policies and practices that resulted in" Wu "not being paid wages for all hours worked (including overtime wages), not being provided with rest-break compensation for missed or late breaks, and not being given pay statements reflecting accurate hours actually worked." Each of the causes of action alleged against "all Defendants"— including Weng—realleged and incorporated this paragraph "as if fully set forth" as part of the cause of action.

Section 558.1 provides:  "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation."  (§ 558.1, subd. (a).)  The statute defines " 'other person acting on behalf of an employer' " as "a natural person who is an owner, director, officer, or managing agent of the employer, and the term 'managing agent' has the same meaning as in subdivision (b) of Section 3294 of the Civil Code."  (*Id.*,

13

subd. (b).) "Courts have defined a 'managing agent' pursuant to [Civil Code section 3294] to be an employee who 'exercises substantial discretionary authority over decisions that ultimately determine corporate policy.' " (*Espinoza v. Hepta Run, Inc.* (2022) 74 Cal.App.5th 44, 57, fn. 10 (*Espinoza*), quoting *White v. Ultramar, Inc.* (1999) 21 Cal.4th 563, 573; see Civ. Code, § 3294, subd. (b) [discussing corporate employer's liability for punitive damages for act of employee in certain circumstances based on "advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice . . . on the part of an officer, director, or managing agent of the corporation"].)

The FAC alleged Weng was a managing agent or owner of COF, exercised independent judgment and authority, enforced or contributed to COF's policies that resulted in Labor Code violations against Wu, and was individually liable—as one of the individual defendants—for those violations to the same degree as COF—as one of the employer defendants. Accordingly, the FAC both gave defendants adequate notice that Wu was asserting his wage and hour claims against Weng individually and sufficiently alleged her potential individual liability for those causes of action under section 558.1. (See, e.g., *Jones v. Awad, supra*, 39 Cal.App.5th at p. 1211 ["courts are encouraged to take a liberal approach in determining the scope of the pleadings, so long as those pleadings provide adequate notice to the opposing party of the theories on which relief is generally being sought"].)

Defendants' *moving* papers, however, did not "respond" to the above allegations. As we discuss, they presented no evidence to demonstrate the undisputed facts established Weng could not be held individually liable under section 558.1.

14

**3.** ***Defendants failed to meet their initial burden to show Wu could not establish section 558.1 applied to Weng***

Defendants did not move for summary judgment as to Weng on the ground she could not be held individually liable under section 558.1. Their moving papers did not refer to the statute at all. Defendants only mentioned generally—in their notice of motion—Wu's inability to hold Weng individually liable. The notice asserted summary judgment was proper as to Weng on the "non[-]FEHA causes of action since Plaintiff has no facts that Eugena Weng is individually liable for any remaining causes of action that survive this Motion for Summary Judgment/ Adjudication." Yet defendants presented no evidence with their motion to show Wu could not establish section 558.1 applied to Weng. Weng's moving declaration attested to Wu's job duties and authority, not to her own. Weng's brother Jackson, and former employee Sanchez, merely declared Weng was "the owner's representative." Sanchez also mentioned Weng had an office at the restaurant. None of the exhibits defendants' counsel purported to attach to his declaration related to Weng's position, authority, or lack thereof, that would be relevant to determining section 558.1's application or nonapplication.

Nor did defendants' moving papers *argue* the eleventh through fifteenth causes of action failed against Weng because she was not an "owner, director, officer, or managing agent of" COF, was not personally involved in the alleged wage and hour violations, or did not contribute to the alleged violations through her participation in, or oversight of, COF's activities. (See § 558.1, subd. (b); *Usher v. White* (2021) 64 Cal.App.5th 883, 896– 897 ["to be held liable under section 558.1, an 'owner' . . . must either have been personally involved in the purported violation

15

of one or more of the enumerated provisions; or, absent such personal involvement, had sufficient participation in the activities of the employer, including for example, over those responsible for the alleged wage and hour violations, such that the 'owner' may be deemed to have contributed to, and thus for purposes of this statute, 'cause[d]' a violation"]; *Espinoza, supra*, 74 Cal.App.5th at p. 59 [generally agreeing with *Usher* but concluding an individual isn't required to have had "involvement in the day-to-day operations of the company," nor must the individual have "authored the challenged employment policies or specifically approved their implementation"; "to be held personally liable he or she must have had some oversight of the company's operations or some influence on corporate policy that resulted in Labor Code violations"].) Not even in their separate statement of undisputed facts—which the court struck after sustaining Wu's objection—did defendants state any facts or cite any evidence showing Weng was not an individual described by section 558.1. (See *Roger H. Proulx & Co. v. Crest-Liners, Inc.* (2002) 98 Cal.App.4th 182, 201 ["Without facts set forth in a separate statement to support a ground for summary judgment, summary judgment cannot be granted on that ground."].)

Indeed, not until their reply did defendants argue Wu could not establish the requirements of section 558.1. Weng declared for the first time in her reply declaration that she was not an investor, managing director, or controlling member of COF, and that she "oversaw the restaurant at the request of the members of" COF. The trial court disregarded defendants' new reply evidence and argument, having sustained Wu's

objection.  Weng's reply declaration thus was not before the trial court.  We do not consider it.[7]

Defendants thus failed to meet their initial burden of production to show Weng was not—or Wu lacked evidence to demonstrate she was—an "other person acting on behalf of an employer" under section 558.1 and therefore could not be individually liable for the Labor Code violations alleged in the eleventh through fifteenth causes of action (to the extent they survived defendants' motion, which below we conclude they did).[8] (*Aguilar, supra*, 25 Cal.4th at pp. 850–851 ["party moving for summary judgment bears an initial burden of production"— meaning "the presentation of 'evidence' "—"to make a prima facie showing of the nonexistence of any triable issue of material fact"; "[a] prima facie showing is one that is sufficient to support" the party's position].)

Accordingly, Weng is mistaken in arguing it was Wu's "burden to provide evidence in opposition to [her] summary judgment motion" that she was "one 'who exercises substantial discretionary authority over decisions that ultimately determine corporate policy.' "  The burden never shifted to Wu on this issue, as defendants' motion presented no evidence demonstrating a

---

[7]     Weng does not contend the trial court abused its discretion in refusing to consider the new evidence it presented on reply, or in striking its separate statement.

[8]     We address below defendants' separate ground for summary judgment/adjudication on their affirmative defense to the wage and hour violations alleged in the eleventh through thirteenth causes of action—that Wu, as a manger, was an exempt employee not entitled to compensation for missed breaks or overtime.

17

triable issue of fact did not exist as to Weng's individual liability under section 558.1. (*Binder v. Aetna Life Ins. Co.* (1999) 75 Cal.App.4th 832, 840 ["A responding plaintiff has no evidentiary burden unless the moving defendant has first met its initial burden."].)

Wu nevertheless presented evidence as to section 558.1's application to Weng. For example, Weng testified she was a member of COF and held a five percent ownership interest; she made "all the major decisions"; she did not discuss management of the restaurant, or restaurant policies, with the other members of COF at their meetings—it wasn't "their business. They [didn't] get involved."; she told Wu managers were exempt— as COF "always t[old] the managers . . . that they're exempt"; she researched the exemption issue in 2018 after COF purchased the restaurant; and she alone determined how much Wu would be paid.

Weng essentially argues her management of COF's restaurant could not raise a triable issue of fact as to whether she controlled or participated "in managerial or company policy decisions" of COF. We disagree. Wu presented evidence from which a trier of fact could infer COF was created to purchase and own the restaurant, and the restaurant was its sole business operation. Accordingly, a trier of fact reasonably could find that, by controlling and managing the restaurant and its policies, Weng in effect managed COF's business operations and participated in the creation and implementation of COF company policies and decision making. In other words, Weng's decisions about running the restaurant were decisions about COF's business operations, raising a triable issue as to whether

18

she met the test for individual liability under section 558.1. (*Espinoza, supra*, 74 Cal.App.5th at p. 59.)

In short, the trial court erred in granting summary judgment in favor of Weng. The FAC alleged the eleventh through fifteenth causes of action against her individually under section 558.1. And, based on the evidence properly before the trial court, defendants failed to meet their initial burden to show Wu could not establish section 558.1 applied to Weng.

**4.  *Summary adjudication on Wu's wage and hour claims against Weng was unsupported***

Defendants alternatively moved for summary adjudication: "[a]s to Plaintiff's eleventh, twelfth, and fifteenth causes of action since Plaintiff was a salaried, exempt manager of Defendant, as a matter of law and is not entitled to the meal and rest period break claims he makes under the eleventh, twelfth, and fifteenth causes of action"; and "[a]s to Plaintiff's eleventh, twelfth and thirteenth causes of action since Plaintiff was a manager, Plaintiff's paycheck was accurate for a salaried, exempt employee." The court granted summary adjudication on Wu's eleventh through thirteenth causes of action, finding defendants established Wu—as a salaried employee holding a managerial position—was exempt from overtime and meal break regulations. As we have determined the FAC alleged those causes of action against Weng individually, we must determine whether the court erred in finding defendants established Wu was an exempt employee as a matter of law.[9]

---

[9]  Without citing any authority, Weng seems to contend the court's granting of summary adjudication on defendants' exemption defense is not properly before this court. We disagree. Defendants' defense relates to causes of action asserted against

a. *Applicable law*

Under California law, employers generally must pay overtime for work in excess of eight hours in one workday or 40 hours in one workweek (§ 510) and may not require an employee to work during a mandatory meal or rest break, without additional pay and, in some cases, penalties (§§ 226.7, subds. (b), (c), 512, subd. (a), 558, subd. (a)).  The Industrial Welfare Commission (IWC) has authority to establish exemptions from these requirements, however.  (§§ 226.7, subd. (e) [meal and rest breaks], 515, subd. (a) [overtime].)  IWC Wage Order No. 5-2001 applies to restaurants as part of the " 'Public Housekeeping Industry.' "  (Cal. Code Regs., tit. 8, § 11050, subds. 1, 2(R)(1).)  It exempts from overtime and meal/rest break requirements those individuals "employed in administrative, executive, or professional capacities."  (*Id.,* subds. 1(B), 3(A)(1).)  Only the executive exemption is at issue here.[10]

"A person employed in an executive capacity means any employee: [¶] (a) Whose duties and responsibilities involve the management of the enterprise in which they are employed or of a customarily recognized department or subdivision thereof; and [¶] (b) Who customarily and regularly directs the work of two or

_____

both COF and Weng.  The court entered judgment in favor of Weng "on all claims . . . Wu asserted against" her.  Accordingly, whether the court's summary adjudication of defendants' exemption defense was proper is directly relevant to our review of the judgment entered in Weng's favor.

[10]     The administrative and professional exemptions do not involve management activities—what defendants argued Wu's position entailed.  (See Cal. Code Regs., tit. 8, § 11050, subds. 1(B)(2)(a), (1)(B)(3)(a).)

20

more other employees therein; and [¶] (c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and [¶] (d) Who customarily and regularly exercises discretion and independent judgment; and [¶] (e) Who is primarily engaged in duties which meet the test of the exemption."  (Cal. Code Regs., tit. 8, § 11050, subd. 1(B)(1)(a)–(e).)  To qualify for the executive exemption, the employee "must also earn a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment," which is 40 hours per week.  (*Id.*, subd. 1(B)(1)(f); see also § 515, subd. (a) [IWC may establish exemption from overtime pay for executive employee who "is primarily engaged in the duties that meet the test of the exemption, customarily and regularly exercises discretion and independent judgment in performing those duties, *and* earns a monthly salary equivalent to no less than two times the state minimum wage for full-time employment" (italics added)].)

" '[S]tatutes governing conditions of employment are to be construed broadly in favor of protecting employees.'  [Citations.]  To that end, we narrowly construe exemptions against the employer, 'and their application is limited to those employees plainly and unmistakably within their terms.'  [Citations.]  We employ these same principles to wage orders promulgated by the" IWC.  (*Peabody v. Time Warner Cable, Inc.* (2014) 59 Cal.4th 662, 667.)  The employer " 'bears the burden of proving the employee's exemption as an affirmative defense.' "  (*Kizer v. Tristar Risk Management* (2017) 13 Cal.App.5th 830, 839.)

When moving for summary judgment (or adjudication) based on "the assertion of an affirmative defense, . . . 'the defendant has the initial burden to show that undisputed facts support *each element* of the affirmative defense.' " (*Anderson v. Metalclad Insulation Corp.* (1999) 72 Cal.App.4th 284, 289.) "The defendant must demonstrate that under no hypothesis is there a material factual issue requiring trial. [Citation.] If the defendant does not meet this burden, the motion must be denied." (*Id.* at pp. 289–290; *Consumer Cause, Inc. v. SmileCare* (2001) 91 Cal.App.4th 454, 468 [summary judgment is improper if defendant fails to address—or fails to produce evidence supporting—an element of its affirmative defense].) "Only if the defendant meets this burden does 'the burden shift[ ] to plaintiff to show an issue of fact concerning at least one element of the defense.' " (*Anderson,* at p. 290.) Thus, on summary judgment, a defendant cannot base its showing of a complete defense on the plaintiff's "*lack of evidence to disprove* the applicability" of the claimed defense. (*Consumer Cause*, at p. 473; see also *Huynh v. Ingersoll-Rand* (1993) 16 Cal.App.4th 825, 831 (*Huynh*) [where defendant failed to establish an element of its defense, summary judgment must be reversed "even if the plaintiff failed to introduce a scintilla of evidence challenging that element"].) We apply the same standards in reviewing the summary adjudication of a cause of action, or an affirmative defense to a cause of action, as we do in reviewing a summary judgment. (Code Civ. Proc., § 437c, subds. (c), (f); *Smith v. Wells Fargo Bank, N.A.* (2005) 135 Cal.App.4th 1463, 1471.)

b. *Defendants failed to meet their burden to establish a complete defense to Wu's wage and hour claims*

Citing primarily to Weng's declaration,[11] defendants argued the following facts demonstrated Wu was an exempt employee, precluding his eleventh, twelfth, and thirteenth causes of action: Wu "was required to and did complete a course identifying him as a manager with the requirement that he obtain a Manager's certificate";[12] received a salary; set COF employees' work schedules; "was required to interact with the Orange County Department of Health when there [were] health-related issues at the restaurant"; "was required to order food supplies for the restaurant for each and every shift that worked at the . . . restaurant"; "was authorized to hire and fire employees at the restaurant"; and had keys to the restaurant "while other employees did not."

---

[11] The exhibits defendants cited in their moving papers correspond to their "Table of Exhibits" that, while part of appellant's appendix, apparently were not filed—but may have been considered—in the trial court. Moreover, the court struck defendants' separate statement, which cites to Weng's declaration and various exhibits. We do not consider defendants' separate statement.

[12] The referenced certificate—an exhibit to defendants' unfiled Table of Exhibits and their reply—was a "ServSafe® Certification," not a general management certification. It certified Wu, on March 31, 2021, "successfully complet[ed] the standards set forth for the ServSafe® Food Protection Manager Certification Examination, which is accredited by the American National Standards Institute (ANSI) – Conference for Food Protection (CFP)."

That evidence related only to whether Wu was engaged primarily in the duties required to meet the executive exemption test. Defendants' moving papers did not present any evidence, however, demonstrating Wu's salary was the equivalent of twice the minimum wage—a necessary element to establish their executive exemption affirmative defense. (Cal. Code Regs., tit. 8, § 11050, subd. 1(B)(1)(f); § 515, subd. (a).) As Wu notes, the only evidence defendants presented of his salary—again, in their unfiled "table"—was a June 25, 2021 paystub, showing gross pay of $1,076.92 for the pay period of June 7 through June 20, 2021. Defendants presented no evidence establishing that amount was at least twice the minimum wage, however. It undisputedly was not. The trial court—at Wu's request—took judicial notice of the minimum wage rates from 2019 to 2021: $11 (2019), $12 (2020), and $13 (2021) per hour for employers with 25 or fewer employees; and $12 (2019), $13 (2020), and $14 (2021) per hour for employers with 26 or more employees. Wu's June 7 to June 20, 2021 pay—assuming 80 hours of work for the two-week period—works out to $13.46 per hour.

Moreover, based on our independent review of the record, in his opposition to defendants' motion—although unnecessary— Wu presented evidence (his and his counsel's declarations, payroll records, and Weng's deposition testimony) demonstrating he was not paid twice the minimum wage in 2019, 2020, and 2021. Nor has Weng responded to Wu's argument on appeal that the undisputed evidence before the trial court established he was not paid twice the minimum wage and thus did not fall under any exemption from overtime and meal/rest breaks. Weng's sole response to Wu's contention that defendants failed to establish their exemption defense as a matter of law is:

24

"Respondents submitted conclusive evidence that Appellant was a manager of the restaurant and thus an exempt employee not entitled to the benefits he alleges. The trial court agreed. As a managing agent, he's statutorily exempt salaried employee [*sic*] under Labor Code § 515."

Accordingly, defendants failed to meet their burden on summary judgment/adjudication to show no issue of fact existed as to *every* element of their exemption defense. We thus need not determine whether Wu presented sufficient evidence to raise a triable issue as to whether he primarily engaged in the duties required to meet the executive exemption. (*Huynh*, *supra*, 16 Cal.App.4th at p. 830 [opposing plaintiff is not required to present evidence to establish anything unless and until the moving defendant has presented evidence establishing every element of the affirmative defense necessary to sustain a judgment in its favor].)

Defendants' motion apparently also attempted to challenge Wu's ability to establish he in fact had not been paid for all the hours he worked. In their moving papers, after presenting evidence of Wu's duties, defendants argued that, "when Plaintiff was asked to provide sworn testimony on the days he claims he was entitled to extra compensation – he provided no facts. Defendant propounded a fact specific interrogatory to identify the amount of overtime hours Plaintiff claims he worked. The response was '. . . he was not paid for work performed in excess of 8 hours of 40 hours in a week pursuant to the requirement/ formula set forth by the California Labor Code . . . .'."[13]

---

[13]     Defendants also moved for summary adjudication generally as to all causes of action "based on Plaintiff's factually deficient responses to 35 special interrogatories . . . ." Weng opaquely

Defendants further argued that this response "did not provide Defendant with sufficient [or any] information to determine if Plaintiff actually worked any overtime and how much he claimed he worked. Plaintiff was a salaried manager and never requested or produced documentation of an entitlement to overtime pay."

Defendants' moving papers did not indicate which interrogatory number they were referring to. Rather, defendants merely cited generally to "Exhibit I"—Wu's responses to special interrogatories—part of the unfiled "table." Exhibit I consists of Wu's answers only, not the interrogatories posed. (Exhibit H in defendants' unfiled "table" is a copy of their special interrogatories through number 18 only.) Moreover, the response defendants cited was incomplete.[14]

_____

refers to this argument in her respondent's brief, asserting: "Also to be noted Respondents' papers asserted that Appellant failed to respond to discovery requests yet was submitting evidence that he objected to producing during the discovery phase. Yet even with this 'hardball' litigation tactic he still could not prevail at the summary judgment hearing on many issues."

[14] Wu's answer to special interrogatory 33 included the portion defendants cited. Wu objected that the interrogatory was "overbroad and burdensome" and sought "information more readily [sic] to the employer." Wu nevertheless responded, "Almost every day that Plaintiff worked he either is owned [sic] unpaid break premium pay for late and/or missed breaks, or he was not paid for work performed in excess of 8 hours or 40 hours in a week pursuant to the requirement/formula set forth by California Labor Code and applicable wage order. Plaintiff was misclassified as an exempt employee when in fact he was just a kitchen worker performing kitchen and other restaurant duties. The fact that he was paid 'salaried' does not relieve the

26

In any event, in response to *other* interrogatories—as reflected in Exhibit I—Wu stated he "worked long hours and often 7 days a week without any rest day, from 3 pm to 11 pm or midnight"; and "[t]here was no time records that Defendant maintained for Plaintiff," and no time records had been produced despite "multiple" requests. Further, Wu's counsel declared defendants' counsel did not ask Wu at his deposition about his overtime hours or how many hours he claimed he had worked. She also declared defendants never made Wu aware that it considered any of his discovery responses deficient.

Even if we were to consider defendants' Exhibit I—despite the trial court having stricken their separate statement—Wu's discovery responses were nothing like the response at issue in *Field v. U.S. Bank National Assn.* (2022) 79 Cal.App.5th 703— the case defendants relied on in their moving papers. There, the plaintiff in a wrongful foreclosure action contradicted her earlier discovery response in a declaration submitted in opposition to the defendant's motion for summary judgment. (*Id.* at pp. 705–708.) She answered " '[u]nsure' " in response to an interrogatory asking if she contended that the notice of trustee sale was not mailed to her in compliance with the relevant statute, and if so, to state " 'all facts related to this contention.' " (*Id.* at p. 706.) In her declaration opposing summary judgment, in contrast, the plaintiff attested she never received the notice of trustee sale. (*Ibid.*) The reviewing court affirmed the summary judgment, concluding that, because the plaintiff's new position—that she never received the notice—contradicted her discovery response that she was " '[u]nsure' " if the bank's notice was proper, the

_____

employer's obligation to pay him pursuant to the requirement of California law."

court was "free to disregard" the declaration. (*Id.* at pp. 708–709.)

Wu, in contrast, did not take a new position in his opposition declaration. He also had asserted objections to defendants' interrogatories that defendants apparently did not challenge. In any event, we liberally construe Wu's evidence. (*Regents, supra*, 4 Cal.5th at p. 618; see also, e.g., *Browne v. Turner Construction Co.* (2005) 127 Cal.App.4th 1334, 1349 ["without a demonstration of 'discovery abuse,' there is no general prohibition against 'introducing previously undisclosed evidence in opposition to a summary judgment motion' "].) Accordingly, to the extent Weng is arguing Wu's general interrogatory response about the extra hours he worked prevented him from demonstrating his wage and hour claims—or somehow established Weng's defense to them—we reject that contention. Moreover, Wu presented evidence that he worked overtime and during breaks, demonstrating a triable issue of fact existed on that issue. For example, Wu declared that, before March 2020, he "regularly worked from about 9 am or so to 7 or 8 pm, six days a week, more than 40 hours a week"; he had a meal break during that time period but rarely a rest break; and when dine-in service resumed in mid-April 2021, he worked "7 days a week, more than 40 hours a week (often 3-11 pm)."

Defendants generally objected to Wu's declaration on the ground his interpreter's declaration was vague and did not state where the declaration was executed. They also objected to exhibits Wu submitted consisting of text messages between himself and Weng and/or Jackson that he sent and/or received while he was at work before or after his scheduled shift, arguing Wu's discovery responses did not "refer[ ] to any text messages."

28

Weng notes the trial court overruled defendants' objections as untimely even though defendants had arranged for a court reporter at the hearing under rule 3.1352. Rule 3.1352 states a "party desiring to make objections to evidence in the papers on a motion for summary judgment must either: [¶] (1) Submit objections in writing under rule 3.1354; or [¶] (2) Make arrangements for a court reporter to be present at the hearing."

Defendants conceded they filed their written objections late. (See rule 3.1354(a) [objections must be filed at the same time as the reply papers].) At the hearing, defendants' counsel asked the court to "entertain[ ]" their objections to the evidence because a court reporter was present. Counsel asked that his objections, which he was "happy to read to the court, be heard at this hearing." Instead of orally asserting those objections, however, counsel moved on to address the court's tentative ruling on the merits. Weng's respondent's brief makes no argument that the court abused its discretion in refusing to consider defendants' late-filed objections—or, apparently, in failing to treat their written objections as having been made orally at the hearing—much less that the court would have sustained the objections. (See *Butte Fire Cases* (2018) 24 Cal.App.5th 1150, 1169 [party challenging trial court's evidentiary ruling has the burden to establish the court abused its discretion]; *Daimler Trucks North America LLC v. Superior Court* (2022) 80 Cal.App.5th 946, 960 [erroneous evidentiary ruling reversible only if it is reasonably probable that result would have been more favorable].) We therefore do not revisit the court's effective overruling of defendants' objections.

We thus conclude summary adjudication in favor of Weng on Wu's eleventh through thirteenth causes of action based on

defendants' exemption defense was in error, and defendants did not meet their burden to support summary adjudication on those causes of action against Weng on any other ground.

**5.** ***The court's denial of defendants' motion as to Wu's fourteenth and fifteenth causes of action applies to Weng***

The court denied defendants' motion as to COF on the FAC's fourteenth cause of action for waiting time penalties, finding Weng's declaration that she mailed Wu his final paycheck —without proof of mailing—was insufficient to demonstrate no triable issue of fact as to whether Wu received his final paycheck when he had declared he did not. The court also denied defendants' motion as to COF on the FAC's fifteenth cause of action that alleged defendants violated section 226 by ignoring Wu's request to see his personnel file—served on COF's agent for service of process—and Wu's counsel's "subsequent communications." The court noted the parties agreed Wu had asked for his personnel file. The court found COF provided no authority showing its agent for service of process could not have given "the file request to COF to be processed," and COF thus had failed to demonstrate the absence of a triable issue of fact.

Defendants' failure to demonstrate an absence of a triable issue of fact on these causes of action as to COF also is true as to Weng. Wu alleged these causes of action against Weng individually, and defendants failed to show Wu couldn't establish Weng met the test for individual liability under section 558.1. Weng allegedly acted on behalf of COF. The court's denial of defendants' motion as to COF on the fourteenth and fifteenth causes of action therefore applies to Weng for the same reasons.

Accordingly, we reverse the judgment in favor of Weng.

## DISPOSITION

The judgment in favor of Eugena Weng is reversed.  The matter is remanded for further proceedings.  David Wu is entitled to his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, Acting P. J.

We concur:



ADAMS, J.



HANASONO, J.

31